IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERRY L. BROWN, Inmate #N32753,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-436-JLF** |
| ) | |
| **JAY MERCHANT,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Petitioner, an inmate in the Shawnee Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner has paid the $5.00 filing fee in this action (see Court's docket entry dated June 26, 2006). Therefore, Petitioner's motion to proceed *in forma pauperis* in the action (Doc. 5) is **MOOT.** As explained below, Petitioner's motion to "replace or add complaint" (Doc. 3) is **DENIED**. Petitioner's additional motion requesting leave to file that motion late (Doc. 4) is therefore **MOOT**.

Before the Court is Petitioner's motion "to replace or add complaint" (Doc. 3). Attached to that motion is a complaint brought pursuant to the Federal Tort Claims Act and naming as Defendants E. Dan Kimmel, a Judge in Jackson County, Illinois, and Michael Wepsiec and Dan Clifton, both Illinois State's Attorneys. Although the claims stated in the proposed amended complaint appear to be based on his conviction, Petitioner clearly states that he seeks monetary relief under the Federal Tort Claims Act against those three defendants "for the violation of his constitutional rights." Petitioner cannot seek monetary relief in a habeas action pursuant to 28 U.S.C. § 2254. Habeas corpus is used to attack the fact or duration of an inmate's confinement in

prison by seeking an immediate or speedier release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Id.* at 494. If Petitioner wishes to bring these claims against these defendants, he must file an action to that effect. Accordingly, Petitioner's motion to "replace or add complaint" (Doc. 3) is **DENIED**. Petitioner's additional motion requesting leave to file that motion late (Doc. 4) is **MOOT**.[1]

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner states that he was convicted in Jackson County, Illinois, on November 25, 2002, of aggravated driving under the influence of alcohol. He filed a direct appeal in the action. On July 20, 2004, the Illinois Court of Appeals for the Fifth District "affirmed in part, reversed in part, and vacated in part" the sentence imposed by the trial court. Petitioner does not state anything further about remand after appeal or any additional proceedings in the trial court after the decision by the Illinois Court of Appeals. Petitioner also states that he filed two motions for post-conviction relief in the trial court, both of which were denied.

---

[1] The Court notes that Petitioner has filed a federal civil rights action (brought pursuant to 28 U.S.C. § 1983) against these defendants. *See Brown v. Kimmel*, Case No. 06-cv-666-MJR (S.D. Ill., filed August 24, 2006).

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>	(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>	(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>	(C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>	(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*28 U.S.C. § 2244(d)(1).* Because it is unclear from the petition "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," the respondent will be ordered to answer the petition so that this issue may be resolved.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States

Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral.*

    **IT IS SO ORDERED.**
    **DATED: October 13, 2006.**

                                             *s/ James L. Foreman*
                                                    **DISTRICT JUDGE**