IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KERRY L. BROWN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Civil No. **06-436-JLF** |
| | ) | |
| **JAY MERCHANT,** | ) | |
| | ) | |
| Respondent. | ) | |

**<u>ORDER</u>**

**PROUD, Magistrate Judge:**

Before the Court is Assistant Attorney General Katherine D. Saunders' motion for leave to withdraw as counsel of record for respondent Merchant, warden of Shawnee Correctional Center. **(Doc. 13).** Noting that the petition pertains to petitioner's November 2002 conviction in Jackson County, Illinois, for driving under the influence of alcohol, attorney Saunders explains that, although petitioner is currently housed within the Illinois Department of Corrections, because he is actually "on probation" for the conviction at issue, an unspecified Jackson County official or entity is the proper respondent. Therefore, Saunders concludes that her entry of appearance was in error, because the Attorney General does not represent county officials. Counsel further states that the State's Attorney for Jackson County has indicated no desire to enter this case until a Jackson County official is served with the petition.

The habeas statute, 28 U.S.C. § 2254, is the mechanism by which a person in custody pursuant to the judgment of a state court may challenge *that* judgment based on the Constitution or laws or treaties of the United States. **28 U.S.C. § 2254(a).** One may be considered "in custody" even if merely on probation. ***See Drollinger v. Milligan*, 552 F.2d 1220, 1224 (7th Cir.**

1

**1977).**  The proper respondent is the person who "has custody" over the petitioner. *See* **28 U.S.C. § 2242; and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.**  *If* what the Assistant Attorney General Saunders asserts is true– that petitioner is in Merchant's custody based on a different conviction– then Merchant may be the wrong respondent.  In accordance with 28 U.S.C. § 2243, respondent Merchant *should* have alerted the Court of the true cause for petitioner's detention via a return, not a motion to withdraw counsel.  At this juncture, Merchant is the named respondent; whether he has been improperly designated as the respondent remains to be seen.

Assistant Attorney General Saunders acknowledges that she and the Attorney General's Office are obligated to represents state officials, such as Warden Merchant.  Again, at this juncture, Merchant remains the respondent.[1]   Permitting Assistant Attorney General Saunders to withdraw, leaving Merchant unrepresented, would contravene Local Rule 83.1(e) and leave Merchant to proceed pro se, when it appears that counsel's true intent is to obtain the dismissal or substitution of respondent Merchant.

Attorney Saunders indicates that petitioner served his term of imprisonment for the conviction at issue at the Jackson County Jail, and that his probation is within the purview of Jackson County officials.  *If* that is true, a Jackson County official or entity with control over petitioner's probation may very well be the proper respondent.  *See* **Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes, 1976 adoption.**  However, it is unknown what effect petitioner's current incarceration has

---

[1]This is true even if petitioner is being shuttled about from prison to prison within the Illinois Department of Corrections, as appears to be the situation.  Until the Court is formally notified of a custodial change, no substitution will be effected.

2

on his probation.  This very well could be a hybrid situation where Rule 2(b) pertaining to future custody may be more applicable.

The Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts detail four scenarios which may be pertinent:

**(1)** The applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking. The named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).

**(2)** The applicant is on probation or parole due to the state judgment he is attacking. The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.

**(3)** The applicant is in custody in any other manner differing from (1) and (2) above due to the effects of the state action he seeks relief from. The named respondent should be the attorney general of the state wherein such action was taken.

**(4)** The applicant is in jail, prison, or other actual physical restraint but is attacking a state action which will cause him to be kept in custody in the future rather than the government action under which he is presently confined. The named respondents shall be the state or federal officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody.

Which of the aforementioned scenarios is applicable to petitioner's actual situation remains to be seen.  Neither petitioner nor respondent have provided the Court with sufficient information and evidence to decide or sort out this procedural and jurisdictional mess.

**IT IS THEREFORE ORDERED** that Assistant Attorney General Katherine D. Saunders' motion for leave to withdraw as counsel of record for respondent Merchant **(Doc. 13)** is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **January 26, 2007**, respondent

Merchant shall file an answer, return or other responsive pleading, in accordance with the Court's previous order dated October 13, 2006 **(Doc. 6)**, and 28 U.S.C. § 2243.

**IT IS FURTHER ORDERED** that petitioner Brown shall use the case caption *"Brown v. Merchant,"* until such time as the caption and/or petition is amended by the Court. Petitioner's response to the subject motion to withdraw was miscaptioned, including the names of parties the Court <u>declined</u> to add to the case.  **(*See* Doc. 6).**

**IT IS SO ORDERED.**

**DATED: December 18, 2006**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

4