IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERRY L. BROWN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) Civil No. **06-436-DRH** |
| | ) |
| **JAY MERCHANT,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This Report and Recommendation is respectfully submitted to Chief United States

District Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

It is undisputed that petitioner Kerry L. Brown is currently incarcerated at Shawnee

Correctional Center, having been convicted in 2006 in the Circuit Court, Woodford County,

Illinois, and sentenced to imprisonment for aggravated while driving under the influence and

aggravated while driving on a revoked license. **(*See* Doc. 18, p. 5; Docs. 20 and 29; *see also*

I.D.O.C. website, http:// www.idoc.state.il.us/subsections/search/inms.asp).** Petitioner,

proceeding pro se, is before the Court, seeking a writ of habeas corpus, pursuant to 28 U.S.C. §

2254, challenging his 2002 conviction in the Circuit Court, Jackson County, Illinois, for driving

under the influence, for which he was sentenced to 200 days in the Jackson County Jail (with

day-for-day credit) and 24 months probation. **(Doc. 1, pp. 3-4; *see also* Doc. 18-2  and Doc. 18-**

**7).** Petitioner argues that: (1) he was denied due process because the manner in which he was

charged alerted the trier of fact to his prior offenses before guilt or innocence was determined;

1

(2) his Fifth Amendment right against self-incrimination was violated when a license abstract, rather than an actual conviction, was used against him at trial; (3) the prosecutor and trial judge violated his right to due process by permitting the aforementioned two unconstitutional tactics; and (4) he was denied effective assistance of appellate counsel when all of the aforementioned three arguments were not presented on appeal. **(Doc. 1).**

Respondent challenges the Court's jurisdiction, arguing that: (1) petitioner is not "in custody" for purposes of Section 2254 jurisdiction; and (2) Jay Merchant, warden of Shawnee Correctional Center is not the proper respondent, as he has custody of petitioner based on a separate conviction and has never had custody of petitioner based on the challenged 2002 Jackson County Conviction. **(Doc. 18).**

Petitioner replies that he meets the "in custody" requirement because his current Woodford County conviction, for which he is imprisoned, is premised in part on the Jackson County conviction he is challenging. **(Doc. 20;** *see also* **Doc. 29).** Reiterating that argument, petitioner has filed a "Motion to Grant Habeas Corpus." **(Doc. 29).** Respondent has not filed a response to that motion.

<u>**28 U.S.C. § 2254**</u>

"To petition a federal court for habeas relief from a state-court conviction, the applicant must be 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Garlotte v. Fordice,* **515 U.S. 39, 40 (1995) (quoting 28 U.S.C. § 2254(a));** *see also* **28 U.S.C. § 2241(c)(3).**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d)(1), habeas relief may be granted if the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" In *Williams v. Taylor*, 529 U.S. 362, 405, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Court explained that a state court decision is "contrary to" Supreme Court precedent if the "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. An unreasonable application of Supreme Court precedent occurs when "the state court unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle ... to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." To be unreasonable, the decision of the state court must not be simply incorrect or erroneous, it must have been "objectively unreasonable." *Wiggins v. Smith*, --- U.S. ----, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).

**Johnson v. Bett**, 349 F.3d 1030, 1034 (7th Cir. 2003).

## Analysis

According to Probation Office and Illinois Department of Corrections records, and undisputed by petitioner, the 2002 Jackson County sentence, including the term of probation, has been fully discharged. **(*See* Doc. 18, p. 4; Doc. 18-8 (reflecting that the full sentence expired Nov. 1, 2004); I.D.O.C. website, http://www.idoc.state.il.us/subsections/search/inms.asp).** However, it is similarly undisputed that petitioner's 2002 Jackson County County conviction was used to enhance his 2006 Woodford County sentences, or effectively enhanced those convictions. **(*See* Doc. 18).** Petitioner argues that he has no other means of collaterally attacking his 2002 conviction, which is permissible under Supreme Court precedent.

United States district courts have jurisdiction to hear a petition for a writ of habeas corpus pursuant to a state court judgment *only* if the person seeking relief is "in custody in

3

violation of the Constitution or laws or treaties of the United States." **28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3);** *see Maleng v. Cook,* **490 U.S. 488, 490 (1989);** *Garlotte v. Fordice,* **515 U.S. 39, 40 (1995).** The Supreme Court has construed the "in custody" requirement to preclude a federal court from entertaining a habeas petition unless the "petitioner is 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* **490 U.S. 488, 490-91 (1989) (per curiam) (citing** *Carafas v. La Vallee,* **391 U.S. 234, 238 (1968)).** However, a person need not be in physical custody to fulfill the "in custody" requirement. *See Jones v. Cunningham,* **371 U.S. 236 (1963).** If a person has been released from prison but is still serving a term of parole or mandatory supervised release, he remains "in custody" for the purposes of habeas corpus. *See Jones,* **371 U.S. at 377.** A person is also "in custody" if he is no longer incarcerated or under parole or mandatory supervised release but he filed a petition for a writ of habeas corpus while incarcerated or under parole or mandatory supervised release. *See Carafas v. LaVellee,* **391 U.S. 234, 238 (1968).** However, a person is not "in custody under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng,* **490 U .S. at 491;** *see also Carafas,* **391 U.S. at 238.** Moreover, the collateral consequences of an expired conviction are not usually sufficient to render a person "in custody." *See Maleng,* **490 U.S. at 491.** With all that said, *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), created a very narrow exception permitting a challenge to a current sentence under § 2254 on the ground that a prior state conviction used to enhance the current sentence was unconstitutionally obtained.

In *Lackawanna County District Attorney v. Coss*, the Supreme Court determined that, because the Section 2254 petition was attacking the petitioner's current state sentence, as

enhanced by the allegedly unconstitutional expired state conviction, petitioner Coss satisfied the "in custody" requirement. **532 U.S. at 401- 402.** The Supreme Court severely limited such a challenge, holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence ... on the ground that the prior conviction was unconstitutionally obtained." ***Id.* at 403 (citation omitted).** The Supreme Court recognized one exception to this rule: "When an otherwise qualified ... petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." ***Id.* at 404 (referencing *Gideon v. Wainwright*, 372 U.S. 335 (1963) relative to the Sixth Amendment).** [1]

Petitioner is clearly not in custody in the traditional sense discussed in *Maleng v. Cook*, in that his sentence was fully discharged a year and a half before he even filed the subject petition for writ of habeas corpus. Therefore, for this district court to have jurisdiction to entertain the petition, petitioner must satisfy the narrow exception enunciated in *Lackawanna County District Attorney v. Coss*.

Respondent correctly observes that *Lackawanna County District Attorney v. Coss* is

---

[1] It is also noted that a three-justice plurality in *Coss*– which is not controlling– also *speculated* that there might be other exceptions to this rule, in situations where the subsequent federal habeas petition is effectively "the first and only forum available for review of the prior conviction." ***532 U.S. at 405-406.***

distinguishable and inapplicable to this situation for several reasons. Unlike in *Coss*, petitioner is attempting to undercut his Woodford County convictions by collaterally attacking his Jackson County conviction. Coss's petition was filed attacking the conviction for which he was actively serving a sentence, and included a collateral attack on the conviction used to arrive at an enhanced sentence. Moreover, the petition before this Court does not attack the Woodford County conviction, so the causal connection between the two convictions is not actually before the Court.[2] That distinction is also relevant to respondent's contention that he is the wrong respondent, because no link between the conviction under attack in the petition and petitioner's current custody is plead. Furthermore, there is no indication petitioner is attacking his Woodford County convictions based on a Sixth Amendment/*Gideon* violation. **(*See* Doc. 18-9 (Section 2254 petition relative to the Woodford County convictions); Doc. 18-10 (order dismissing 2254 petition relative to the Woodford County convictions due to failure to exhaust state court remedies)).** Having failed to qualify under the *Coss* exception, petitioner does not meet the "in custody" requirement; as a result, the district court lacks jurisdiction to entertain the federal petition for writ of habeas corpus.

---

[2]The petition is clearly aimed only at the Jackson County conviction. Petitioner has never sought to amend the petition. Petitioner only raised an argument regarding the *Coss* jurisdictional exception after respondent challenged the Court's jurisdiction.

## Recommendation

For the aforestated reasons, it is the recommendation of this Court that petitioner Kerry L. Brown's Section 2254 petition for writ of habeas corpus **(Doc. 1)** be dismissed with prejudice due to lack of jurisdiction, and his "Motion to Grant Habeas Corpus" **(Doc. 29)** be denied in all respects.

**Submitted: January 30, 2009**

**S/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 16, 2009**. No extensions of time will be granted.