IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KERRY L. BROWN**,

**Plaintiff,**

v.

**JAY MERCHANT,**

**Defendant.**  No. 06-436-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Respondent Jay Merchant's Motion to Amend Judgment (Doc. 35). On March 2, 2009, the Court entered an Order adopting Magistrate Judge Proud's Report and Recommendation, denying Petitioner Brown's 2254 petition, and dismissing the case with prejudice (Doc. 32). On March 5, 2009, the Court entered Judgment reflecting the same (Doc. 34). Respondent subsequently filed the instant motion pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**, asking the Court to amend its judgment and arguing that the judgment should be dismissed without prejudice for lack of subject-matter jurisdiction. Based on the following, the Court **GRANTS** Respondent's motion to amend judgment.

### II. Analysis

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as

having been filed pursuant to **Rule 59(e)** or **Rule 60(b)** of the FEDERAL RULES OF CIVIL PROCEDURE. *See, e.g., Mares v. Busby*, **34 F.3d 533, 535 (7th Cir. 1994);** *United States v. Deutsch*, **981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the date the motion was filed determined under what rule it would be analyzed. *See Deutsch*, **981 F.2d at 300.** If the motion was served within 10 days of the rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b). **Id. (citations omitted).** Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it. Therefore, the former approach - that, no matter what their substance all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions - no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label..., is dispositive with respect to the appropriate characterization of the motion.

*Obriecht v. Raemisch*, **517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, the Court filed its Order on March 2, 2009 and entered Judgment on March 5, 2009. Respondent filed his motion to amend under Rule 59(e) on March 6, 2009. Since the motion was filed within ten days of the Order, the Court

must look to the substance of the motion to determine whether the motion should be construed under Rule 59(e) or Rule 60(b). **Obriecht, 517 F.3d at 493.** Respondent argues that the Judgment in this case should be amended pursuant to Rule 59(e) because Brown's petition should have been dismissed without prejudice because a suit cannot be dismissed with prejudice if it is dismissed for lack of jurisdiction. Therefore, the Court finds that this motion is correctly brought pursuant to Rule 59(e).

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purposes and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. **Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985).** "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." **Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted).** The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. **Moro, 91 F.3d at 876 (citation omitted); King v. Cooke, 26 F.3d 720, 726 (7th Cir. 1994), cert. denied, 514 U.S. 1023 (1995).**

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that

could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (N.D.Ill. 1990) (citations omitted).** Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. ***BNT Terminals*, 125 B.R. at 977**. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. ***See Prickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)**.

Respondent argues that the Court erred in dismissing Petitioner's 2254 petition with prejudice because the Court dismissed the petition due to lack of subject matter jurisdiction. Respondent further argues that a dismissal for lack of subject matter jurisdiction is not a decision on the merits and thus can not be dismissed with prejudice. ***See Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).** The Court agrees. The Court's Order of March 2, 2009 stated that the Court adopted Magistrate Judge Proud's recommendation that the petition be dismissed with prejudice due to lack of jurisdiction.[1] However, a dismissal for lack of jurisdiction "is not a decision on the merits." ***Murray*, 467 F.3d at 605**. A dismissal for lack of jurisdiction can not be "with prejudice"; "'[n]o jurisdiction' and

---

[1] Judge Proud had determined that the Court lacked jurisdiction because Petitioner Brown was not in custody and had not met the narrow exception described in ***Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S. Ct. 1567 (2001)**.

'with prejudice' are mutually exclusive." ***Frederiksen*, 384 F.3d at 438.** Therefore, Respondent is correct that the Court's dismissal should have been "without prejudice." Accordingly, the Court **GRANT's** Respondent's Motion to Amend Judgment (Doc. 35) and amends its dismissal of Brown's petition (Doc. 32) to a dismissal **without prejudice**. Because the dismissal of the petition is "without prejudice" the Court **VACATES** the Judgment entered on March 5, 2009 (Doc. 34).

**IT IS SO ORDERED.**

Signed this 20th day of May, 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**